**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESUS DELACRUZ,<br><br>                     Petitioner,<br><br>v.<br><br>ROSEMARY NDOH, Warden,<br><br>                     Respondent. | Case No.: 18cv2597 CAB (WVG)<br><br>**ORDER CONSTRUING PETITION AS ONE FILED PURSUANT TO 28 U.S.C. § 2254** |

Petitioner, a state prisoner proceeding with counsel, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

Although Petitioner filed this action pursuant to 28 U.S.C. § 2241, he is a state prisoner attacking the validity of a state court conviction and sentence imposed by the state of California. Therefore, Petitioner may not proceed under section 2241, but may only proceed with a habeas action in federal court under 28 U.S.C. § 2254. *White v. Lambert*, 370 F.3d 1002, 1006-07 (9th Cir. 2004) (holding that section 2254 is the proper jurisdictional basis for a habeas petition brought by an individual "in custody pursuant to a state court judgment"). Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241 as long as the person is in custody pursuant to the judgment of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or

other forms of custody that are possible without a conviction." [citations omitted.] *Id*. at 1006 (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (emphasis in original). Accordingly, the Court will construe the petition as one filed pursuant to 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

Dated: November 19, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge